(No. 79-CC-1001— )

RAVENSWOOD HOSPITAL AND MEDICAL CENTER, Claimant, *v.* THE
STATE OF ILLINOIS, Respondent.

*Opinion filed October 28, 1980.*

HINSHAW, CULBERTSON, MOELMANN, HOBAN & FUL-
LER, for Claimant.

TYRONE C. FAHNER, Attorney General (JAMES M.
HOFERT, Assistant Attorney General, of counsel), for
Respondent.

ROE, C. J.

This claim is before the Court on the motion of
Respondent to dismiss, the objection thereto filed by
Claimant, and Respondent's motion to strike said objec-
tion.

Claimant filed this claim seeking compensation for
medical services rendered to Emerson Glaspie during
the period between May 6, 1976, and May 12, 1978, for
reason that Mr. Glaspie was allegedly eligible for public
aid assistance during that time and payment of the
benefits was denied because the appropriation therefore
allegedly lapsed.

At the outset we find that Claimant's allegation as
contained in the complaint that the appropriation for
payment of the benefits had lapsed is incorrect. As the
departmental report, which is prima facie evidence and
which has not been rebutted, correctly sets out, the funds

for which the claim has been made do not lapse. See D.R. item 7, and Ill. Rev. Stat., ch. 127, par. 161.

Moreover, we find that Claimant has failed to exhaust its remedies as required by Section 25 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.25). The Department of Public Aid has made a determination that Mr. Glaspie was ineligible for the assistance benefits. This Court does not review such decision. The Department of Public Aid is charged with the responsibility for determination of eligibility. See Ill. Rev. Stat. 1979, ch. 23, par. 11—8 *et seq.* Said statute also provides for judicial review of the department's determination pursuant to the procedural provisions of the Administrative Review Act. Thus Claimant did not exhaust its remedy by following through the statutorily prescribed procedures.

It is hereby ordered that this claim be, and the same is, hereby dismissed.